## HARROW v. THE STATE.

In an indictment for obstructing a road leading from a point in Jefferson County to Lake Prairie in Mahaska County, the defendant offered to prove Lake Prairie to be in Marion County and not in Mahaska: Held not to be admissible; the discrepance not being material, and could not impair the description or identity of the road.

An indictment and conviction are proper for obstructing a road established by re-location; even if it had not been opened and used as a highway.

A road is established when the survey and plat are placed upon record as required by statute.

· ERROR, *to Wapello District Court.*

*S. W. Summers,* for the plaintiff in error.

*H. B. Hendershot,* prosecuting attorney, for the state.

*Opinion by* GREENE, J.   Indictment, for obstructing a road leading from a point in Jefferson county, to Lake Prairie in Mahaska county.

1. On the trial the defendant offered to prove that Lake Prairie, mentioned in the indictment, is not in Mahaska county, but in the county of Marion, which, on objection, was overruled by the court.   And this is assigned as one of the reasons for reversing the judgment.   But viewing the objection in any light assumed by counsel, we do not see in it anything of sufficient importance to justify a reversal. Even if Lake Prairie is in Marion county, that fact does not impair the description or identity of the road, and could not affect its establishment, nor abate the offence of obstructing it; and hence it was not material to be proved.

2. The next objection is, that the court refused to instruct the jury that the defendant could not be convicted on the indictment for obstructing that part of the road which was re-located.   The fact that some of the road was established by re-location, or that the instruction complained of was confined to such re-located portion, could not change the defendant's liability.   It became a public highway, whether established by the original location, or by a re-location.

3. The only remaining error urged is, that the court charged the jury, that if the defendant erected.a fence across the road, as re-located, after the plat and description were recorded, they might find him guilty, though the road had not been opened, and was not *used* as a highway.   In this instruction we see nothing erroneous under our statute.   In a proceeding of this kind, the only questions to be determined are : 1. Was it a public highway as recognized by law ?   2. Was it obstructed by the defendant ?   That the erection of a fence across a highway would amount to an obstruction, cannot be questioned; but would it amount to an obstruction if the road was not opened and used ?   It most certainly would, if the road had been previously located, surveyed, and a plat thereof placed of record.   A public highway is not constituted by merely travelling over it for a few years.   It

must have been made by an authorized surveyor and viewers, and in the language of the statute, " when the surveyor and viewers make a report of the survey and plat of said road, it shall be recorded; then, from that time henceforth, the same territory shall be considered a public highway." *Rev. Stat.* p. 520, § 4. The road then dates its existence, not from the time it may have been opened or travelled upon, but from the day the survey and plat were placed upon record, as required by law. We learn from the bill of exceptions, that authentic evidence was adduced, showing that all these prerequisites had been complied with, and that the road had been regularly established.

Judgment affirmed.